Filed 4/21/23  P. v. Norton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096237 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 16F0506, 18F1676) |
| v. | |
| JOSHUA DAVID NORTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joshua David Norton has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will modify the judgment to strike a conviction, in accordance with the parties' plea agreement.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

1.    *Case No. 16F0506 (case No. 0506)*

In February 2016, defendant pleaded no contest to robbery (Pen. Code, § 211)[1] and, in the alternative, to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). Per his plea deal, defendant would be placed on three years of probation. If defendant successfully completed probation, the section 211 plea would be withdrawn and the charge dismissed, leaving him with only the section 245 conviction. However, if he violated probation, the section 211 sentence would come into effect and the section 245 conviction would be dismissed.

In March 2016, the trial court imposed a five-year prison sentence on the robbery, but suspended execution of the sentence for three years and ordered defendant to three years of probation. The trial court also imposed a variety of fines and fees, including a $300 restitution fine (§ 1202.4) and a corresponding probation revocation fine (suspended unless probation is revoked) (§ 1202.44).

2.    *Case No. 18F1676 (case No. 1676)*

In February and March 2018, defendant entered three separate homes with the intent to commit larceny. Defendant was on probation at the time of the crimes.

Defendant was charged with five counts of first degree residential burglary (§ 459; counts 1, 13, 25, 29, 33); 16 counts of grand theft of a firearm (§ 487, subd. (d); counts 2-11, 14-18, 30); four counts of possession of a firearm with a prior conviction (§ 29900, subd. (a); counts 12, 19, 31, 34); four counts of misdemeanor receipt of stolen property (§ 496, subd. (a); counts 22, 26, 27, 32); two counts of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); counts 21, 24); two counts of receipt of a stolen motor vehicle (§ 496d, subd. (a); count 20, 23); and one count of attempted first degree

---

[1] Undesignated statutory references are to the Penal Code.

residential burglary (§§ 459, 664; count 28). It was further alleged as to counts 1-21, 23-25, 28-31, and 33-34 that defendant had a prior strike. (§§ 667, subds. (b)-(i), 1170.12.) As to counts 1-11, 13-18, 25, 28-30, and 33, it was further alleged that defendant had a prior serious felony conviction. (§ 667, subd. (a)(1).) As to counts 1-11, 13-18, 25, 28-30, and 33, it was further alleged that he committed the offenses while on felony probation. (§ 1203, subd. (k).) In addition, there were three allegations as to counts 1-21, 23-25, 28-31, and 33-34 that defendant committed the offense while released on bail or his own recognizance. (§ 12022.1.)

### 3. Plea and sentencing

In March 2022, defendant pleaded no contest to counts 1, 25, and 33 (§ 459) in case No. 1676. He also admitted the prior strike, the prior serious felony, and the section 12022.1 enhancement. The remaining counts were dismissed with a *Harvey* waiver.[2] Defendant also admitted to violating probation in case No. 0506. The parties agreed to an aggregate 17-year prison sentence. During the plea, neither the parties nor the court requested to dismiss the section 245 conviction in case No. 0506.

Later that month, the trial court sentenced defendant to prison for an aggregate term of 17 years, as follows: (1) in case No. 0506, the low term of two years on the robbery, and (2) in case No. 1676, 32 months (one year four months, doubled due to the strike) on each of counts 1, 25, and 33, five years consecutive for the prior serious felony, and two years for the section 12022.1 enhancement. As to fines and fees, in case No. 0506 the court revoked the prior suspension on the $300 probation revocation fine (§ 1202.44) and imposed a $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). In case No. 1676, the court imposed a $300 restitution fine (§ 1202.4), a corresponding $300 parole revocation fine (suspended unless parole is

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

3

revoked) (§ 1202.45), a $120 court operations fee (§ 1465.8, subd. (a)(1)), and a $90 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record reveals that the trial court failed to dismiss the section 245 conviction in case No. 0506, despite an agreement to do so should defendant be ordered to serve a sentence on the section 211 charge. " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.) In the interests of judicial economy, we will strike the section 245 conviction.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

4

## DISPOSITION

The section 245 conviction is stricken in case No. 0506.  As modified, the judgment is affirmed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
RENNER, Acting P. J.

_____/s/_____
BOULWARE EURIE, J.

5